

FILED

00 OCT 17 PM 2: 40

AKRON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joyce Marshall
1375 Goodyear Blvd.
Akron, Ohio
Plaintiff

-vs-

Summa Health System
525 E. Market St.
P.O.Box 2090
Akron, Ohio 44309
Defendants

CASE NO. 5:00CV 2629

JUDGE: JUDGE DOWD

MAG. JUDGE LIMBERT

**COMPLAINT:**
Age Discrimination [ADEA]; Title VII Sex Discrimination; Ohio Revised Code § 4112.02 and § 4112.99 ( State Age & Sex Discrimination); Wrongful Discharge in Violation of Public Policy: Intentional and/or Negligent Infliction of Emotional Distress; Breach of Implied Contract

**JURY DEMAND ENDORSED HEREON**

Now comes Plaintiff, Joyce A. Marshall, by and through counsel, and for her causes of action against the Defendant, states thusly:

### I. IDENTIFICATION OF PARTIES

1. At all times relevant herein, Plaintiff Joyce A. Marshall [hereinafter referred to as "**Marshall**" was and remains a resident of Akron, Summit County, Ohio. Marshall is a female citizen of the United States of America and the State of

Ohio whose date of birth is June 21, 1941.

2. Defendant Summa Health System is a not for profit corporation who provider health care related services, including in-patient hospitalization and which does significant business affection commerce within this judicial district. Defendant Summa Health System [hereinafter referred to as **"Summa"**] is an employer as defined by federal and state law since it has in excess of 4000 employees.

## II. JURISDICTION AND VENUE

3. Plaintiff reincorporates by reference as of fully rewritten herein paragraphs 1 and 2 of her Complaint.

4. This action arises under § 7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626; § 16 (b) and § 201 (d) (1) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b), 29 U.S.C.(d); 42 U.S.C.§ 2000 e-5 of the 1964 Civil Rights, amended, and § 4112.02 and § 4112.99 of the Ohio Revised Code.

5. Federal jurisdiction is expressly invoked pursuant to respective statutory authority (cited above) as well as 28 U.S.C. §1331 because this action arises under the laws of the United States.

6. Venue is properly lodged in the Norther District of Ohio, Eastern Division because of Plaintiff's residency, Defendant's principal location and the fact that all conduct giving rise to the various causes of action occurred within the geographical parameters of this judicial district.

## II. SUMMARY OF KEY FACTS:

7. Plaintiff reincorporates by reference as if fully rewritten herein paragraphs 1 through 6 of her Complaint.

8. Marshall began her employment with Summa on or about 6-28-84, and during her tenure of employment, she established a satisfactory work record.

9. From May 19, 1989 -May 25, 19999 Plaintiff held the position of Education Coordinator for Respiratory Care.

10. On or about May 25, 1999, Marshall was discharged from her employment by Dana Ash, Administrative Director of Clinical Services.

11. One of the factors considered in Marshall's termination were the contents of anonymously written complaints from staff members.

12. Another male employee, Ron Mains (Director of Pharmacy) was also expressly named within these written complaints.

13. However, Mains was not discharged from his employment.

14. To the best of Plaintiff's knowledge and belief, her job duties were given to significantly younger employees.

15. Marshall is aware of other older employees of Summa who were laid-off and/or discharged in the recent past.

16. Plaintiff was and remains well-qualified for her job as Education Coordinator for Respiratory Care.

17. As a prerequisite to filing this lawsuit, Marshall made a charge affidavit of discrimination (alleging age and gender) with the Equal Employment Opportunity Commission [EEOC]. Upon her written request, and since at least sixty (60)

days have passed, Plaintiff received a right to sue letter from the EEOC. This Complaint is being docketed within ninety (90) days of her receipt of that letter. [copy attached]

## IV. FIRST CAUSE OF ACTION:
## Federal Age Discrimination

18. Plaintiff reincorporates by reference each of the allegations contained in paragraphs 1 through 17 inclusive of this Complaint.

19. Summa is engaged in an industry affecting commerce and has employed twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the preceding calendar year. This Defendant was and is, therefore, an employer within the meaning of § 11(b) of ADEA, 29 U.S.C. § 630 (b).

20. Marshall began her employment with Summa in June 1984 as a Staff Respiratory Therapist.

21. Establishing a good work record, she was promoted to Education Coordinator, Respiratory Care. At the time of her termination, she was making $43,000 in salary on an annual basis.

22. Plaintiff's termination was disparate treatment motivated by her age. Accordingly, Defendant is in violation of the ADEA.

23. Furthermore, Marshall avers and believes that Summa Health System followed and is following a policy and practice of discrimination against her because of

her age in violation of the ADEA, 29 U.S.C. § 626. These discriminatory practices and policies include a disproportionate number of older employees being discharged from their employment.

24. The effect of the policies and procedures pursued by the Defendant as alleged above has been and continues to limit, classify and discriminate against the Plaintiff in ways that jeopardize her too and deprive her of employment opportunities and otherwise adversely affect her status as an employee because of her age in violation of the ADEA.

25. As a direct and proximate result of Summa's willful actions taken against Marshall because of her age, she has suffered and been derived of income in the form of wages and prospective retirement benefits, and other benefits to her as an employee, solely because of her age and in a sum to be proven at trial.

26. In addition, Marshall has suffered consequential damages including, but not limited to, emotional distress, mental anxiety, embarrassment, humiliation, and pain/suffering. Since Plaintiff has no plain, adequate or complete remedy at law to correct the practices described herein, she is now suffering and will continue to suffer irreparable injury damage from Defendant's policies, procedures, customs and usage as set forth herein. Additionally, Marshall will incur costs of prosecution and attorney fees for which is seeking recovery.

## V. Second Cause of Action:

## State Age Discrimination

27. Plaintiff reincorporates by reference each of the allegations contained in paragraphs 1 through 26 inclusive of this Complaint.

28. The actions of this Defendant as described herein constitute a violation of ORC § 4112.02 (a) and § 4112.14 in that she was disparately treated because of her age as well as not being discharged for just cause. This constitutes illegal conduct under Ohio law.

29. Defendant acted with malice and will toward Plaintiff and without regard for her legal rights in discharging her and otherwise discriminating with regard to tenure, terms, conditions or privileges of employment, and other matters directly or indirectly related to her employment because of her age.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered consequential damages in the form of:

   a. Loss of wages;

   b. Loss of pension benefits;

   c. Loss of insurance benefits;

   d. Loss of other fringe benefits;

   e. Loss of the opportunity to be able to continue the gainful employment in which she has been engaged for the prior fifteen (15) years;

   f. Loss of future earnings and front pay;

   g. Loss of reputation;

   h. Humiliation, embarrassment and loss of self-esteem;

i. Adverse health effects; and

j. Loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney fees of this action.

## VI. THIRD CAUSE OF ACTION

## FEDERAL SEX DISCRIMINATION

31. Plaintiff reincorporates by reference each of the allegations contained in paragraphs 1 through 30 inclusive of this Complaint.

32. Marshall's civil rights afforded her under Title VII of The Civil Rights Acts of 1964, as amended, were violated by Summa through illegal disparate treatment due to her sex. In particular, she was terminated by Summa while similarly early situated male employees were not so disciplined.

33. As a direct and proximate result of Summa's willful actions taken against Marshall because of her sex, this Plaintiff has suffered and been deprived of income in the form of wages and prospective retirement benefits and other benefits to her as an employee, solely because of her sex, and in a sum to be proven at trial.

## VII. FOURTH CAUSE OF ACTION

## STATE SEX DISCRIMINATION

34. Plaintiff reincorporates by reference each of the allegations contained in paragraphs 1 through 33 inclusive of this Complaint.

35. The action of this Defendant as described herein constitutes a violation of Ohio Revised Code § 4112.02 *et seq* in that she was disparately treated because of her sex as well as not being discharged for just cause. This constitutes illegal conduct under Ohio law.

36. Defendant acted with malice and will toward Plaintiff and without regard for her legal rights in discharging her and otherwise discriminating with regard to tenure, terms, conditions or privileges of employment, and other matters directly or indirectly related to her employment because of her sex.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered consequential damages in the form of:

    a.  Loss of wages;

    b.  Loss of pension benefits;

    c.  Loss of insurance benefits;

    d.  Loss of other fringe benefits;

    e.  Loss of the opportunity to be able to continue the gainful employment in which she has been engaged for the prior fifteen (15) years;

    f.      Loss of future earnings and front pay;

    g.      Loss of reputation;

    h.      Humiliation, embarrassment and loss of self-esteem;

    i.      Adverse health effects; and

    j.      Loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney fees of this action.

## VIII. FIFTH CAUSE OF ACTION

## WRONGFUL DISCHARGE

38. Plaintiff reincorporates by reference each of the allegations contained in paragraphs 1 through 37 inclusive of this Complaint.

39. Defendant's various actions and omissions, including its wrongful discharge, towards Plaintiff Marshall constitutes a violation of a clearly discernable public policy in the State of Ohio precluding and prohibiting the use of false, deliberately misleading of fraudulent misrepresentations to cause harm to another, as found in the common law of the State of Ohio and various statutes as found in the Ohio Revised Code. Discharge of the Plaintiff under the facts and circumstances in this case would place in jeopardy the public policy of the State of Ohio regarding the use of false, fraudulent, misrepresentations or deliberately misleading information to cause injury to another.

40. Defendants termination of Plaintiff Marshall's employment constitutes wrongful discharge and she has suffered consequential damages in an amount to be proven with specificity at trial.

## IX. SIXTH CAUSE OF ACTION
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff reincorporates by reference each of the allegations contained in paragraphs 1 through 40 inclusive of this Complaint.

42. Defendant owed a duty to Plaintiff to refrain from causing intentional injury to her.

43. Defendant breached its duty to Plaintiff.

44. Defendant's intentional actions as set forth above related to Plaintiff's terms of employment proximately caused injury to Plaintiff in the form of humiliation, metal anxiety of reputation, loss of self-esteem, harm to Plaintiff's relationship with her family, and other emotional distresses.

45. Defendant's actions proximately caused Plaintiff damages arising from its intentional or, in the alternative, negligent puts an emotional distress.

46. Defendant actions constitute an outrageous invasion of Plaintiff's personal rights.

47. Defendants acted willfully, maliciously, with spite and ill will and with the reckless disregard for Plaintiff's legal rights.

48. As a direct and proximate result of Defendant's actions, Plaintiff suffered

economic and compensatory damages.

49. The conduct of this Defendant, as alleged herein, demonstrates malice, aggravated or agreed disfraud, oppression or insult against Plaintiff Joyce A. Marshall.

50. As a direct and proximate result of the conduct of this Defendant as has been alleged in the preceding paragraphs, Plaintiff is entitled to an award of punitive damages.

51. Moreover, she is entitled to an award of reasonable attorney's fees.

**WHEREFORE,** Plaintiff prays for judgement in her favor and against Defendant on all of her respective causes of action. Plaintiff also prays for relief thusly:

a. Grant her a permanent injunction enjoining this Defendant, its agents, successors and employees and those acting in concert with the Defendant from continuing to violate the rights of Plaintiff;

b. Grant her an order requiring Defendant to reinstate the Plaintiff to her former job position or to a position similar in responsibility and pay, and to make her whole, by appropriate back pay awards, prejudgment interest, fringe benefits, and otherwise, for the violation described above; or, if Defendant cannot reinstate Plaintiff, enter an order requiring Defendant to front pay, fringe benefits and other compensations to the Plaintiff until she reaches the age of 70;

c. Award the Plaintiff the costs of this action including reasonable attorney fees and liquidated damages;

d.  Order that the employment practices complained of in this Complaint be declared unlawful, permanently enjoin the Defendant, its agents, officers and employees from engaging in all practices found by this court to be in violation of federal or state law, or that Plaintiff be made whole by restoring all loss of back pay and all loss of monetary benefits associated with the conduct of this Defendant as described herein, or that the Defendant pay Plaintiff as and for compensatory damages, an amount in excess of $200,000 and to be proven with specificity at trial, retain jurisdiction over this action to ensure full compliance with the court's orders and that require that the Defendant to file such reports as the court deems necessary to evaluate such compliance, and award her attorney's fees;

e.  Plaintiff prays for judgement and against Defendant on her second cause of action and that she be granted an award of compensatory damages in excess of $25, 000 and in an amount to be proven with specificity at trial;

f.  Plaintiff prays for judgement and against Defendant on her fourth cause of action and that she be granted an award of compensatory damages in excess of $25,000 and in an amount to be proven with specificity at trial;

g.  Plaintiff prays for judgement and against Defendant on her fifth cause of action and that she be granted an award of compensatory damages in the excess of $25,000 and in an amount to be proven with specificity at trial;

h.  Plaintiff prays for judgement and against Defendant on her sixth cause of action and that she be granted an award of compensatory damages in the

excess of $25,000 and in an amount to be proven with specificity at trial;

i. For an award of punitive damages against Defendant in an amount which will deter it from further and future acts of discrimination of any type and violation of the public policy of the State of Ohio and which will cause it to create and maintain a work place free of discrimination and which is commensurate with its wanton, malicious, callous and egregious behavior as described herein;

j. For an amount of prejudgement interest at the maximum rate allowed by law;

k. Joyce Marshall further prays for all other relief that the court may deem just and proper and to which she is legally entitled.

Respectfully Submitted,

BRIAN J. WILLIAMS CO., L.P.A.

BRIAN J. WILLIAMS
Attorney for Plaintiff
611 W. Market Street, Suite C
Akron, Ohio 44303
330-762-0080 (telephone)
330-762-0720 (fax)
bjwlegal@itilink.com (e-mail)
Ohio Supreme Court Reg.# (0020645)

## JURY DEMAND

Plaintiff hereby demands that a Jury decide all issues of fact as alleged in the Complaint in accordance with federal and Ohio law.

Brian J. Williams
Attorney for Plaintiff